**Eugene J. CARTER, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 02–3250.

United States Court of Appeals, Federal Circuit.

April 11, 2003.

Before LINN, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Eugene J. Carter appeals from a decision of the Merit Systems Protection Board ("the Board"), No. SF–0752–00–0053–B–1 (Jan. 22, 2002), which affirmed the agency's dismissal of Carter from his position as a supervisory border patrol agent. Because this court lacks jurisdiction, we *dismiss.*

This court does not have jurisdiction to review a final Board decision in some "situations in which the employee is challenging judicially the board's determinations of both the discrimination and nondiscrimination issues." *Williams v. Dep't of the Army,* 715 F.2d 1485, 1491 (Fed.Cir. 1983) (en banc). This court can, however, exercise jurisdiction in an otherwise appropriate case if a petitioner expressly states that the issue of discrimination will not be pursued and is abandoned. *Daniels v. United States Postal Serv.,* 726 F.2d 723, 724 (Fed.Cir.1984). Following his removal, Carter alleged that the agency discriminated against him on the basis of a handicapping condition. He specifically contended that the agency could have temporarily reassigned him to a light duty position. At the Board, Carter identified three disputed sub-issues relating to his discrimination claim: (1) whether he was disabled under the definition set forth at 29 C.F.R. § 1630.2, (2) whether he was substantially limited in major life activities other than working, and (3) whether he was limited in the major life activity of working. On appeal to this court, Carter filed a Federal Circuit Rule 15(c) "Statement Concerning Discrimination" and indicated that "any claim of discrimination ... has been abandoned or will not be raised or continued in this court or any other court."

Notwithstanding his Rule 15(c) statement, Carter presents to us an argument based entirely on his allegations of discrimination by the agency. The arguments in his opening informal brief cite the Americans with Disabilities Act and the Federal Rehabilitation Act. In his response brief, he argues whether he was able to

perform certain positions within the agency. On October 31, 2002, the agency moved to dismiss Carter's appeal for lack of jurisdiction because the only issue raised was whether Carter failed to prove his claim of discrimination before the Board. A single judge panel of this court denied the motion to dismiss, finding that "Carter may be able to present arguments concerning the agency's refusal to assign him to a light duty position without asserting any discrimination claims." We have since reviewed Carter's submissions to this court, including those filed after the agency's motion to dismiss, and the record before the Board. Carter has not presented any arguments that are divorced from his discrimination claim. Because we lack jurisdiction to hear such claims, we must dismiss the appeal.